E Clarke Balcom, # 01195
cbalcom@qwest.net
**CLARKE BALCOM, P.C.**
1312 SW 16th Ave, 2nd Floor
Portland, OR 97201-2516
Telephone (503) 224-5950
Fax (503) 467-4669
Attorney for Plaintiff

FILED'08 AUG 19 14:42 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **LESLIE M. WHITWORTH,** <br> Plaintiff, <br><br> v. <br><br> **NATIONAL ENTERPRISE SYSTEMS, INC.,** an Ohio corporation, **RUSS DOE,** and **MICHELLE DOE,** <br> Defendants. | Case No. **CV'08 - 968 PK** <br><br> **COMPLAINT** <br> Fair Debt Collection Practices Act <br> **DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff, Leslie M. Whitworth, an individual consumer, against Defendant, National Enterprise Systems, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Oregon Unlawful Debt Collection Practices Act, ORS § 649.639 *et seq.* (hereinafter "Oregon Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Page 1 of 12 - COMPLAINT

*22668*

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1397. Declaratory relief is available pursuant to 28 U.S.C. §§ 2001 and 2002. Venue in this District is proper in that Defendant transacts business in the State of Oregon and the conduct complained of occurred in the State of Oregon.

## III. PARTIES

3. Plaintiff, Leslie M. Whitworth ("Whitworth") is a natural person residing in Portland, Oregon, County of Multnomah, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant, National Enterprise Systems, Inc. ("NES") is an Ohio corporation engaged in the business of collecting debt in this state with its principal place of business located at 29125 Solon Rd., Solon, Ohio. NES is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mail and/or telephone in the collection of debts from consumers, and it was acting in this capacity as to the consumer debt it attempted to collect from Whitworth.

5. Defendant Russ Doe ("Russ") is a natural person who was employed at all times relevant herein by Defendant NES as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C § 1692(a)(6).

6. Defendant Michelle Doe ("Michelle") is a natural person who was employed at all times relevant herein by Defendant NES as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C § 1692(a)(6).

## IV. FACTUAL ALLEGATIONS

7. Whitworth incurred a financial obligation that was primarily for personal, family, or household services and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime after the debt was incurred, it was consigned, placed, or otherwise transferred to Defendants for collection from Whitworth

9. Prior to 11/20/2007, Whitworth had never received any communication from NES, by mail or by telephone.

10. On or about 11/20/2007, a representative of NES, Marsha, telephoned Whitworth, telling him that he owed money on a debt allegedly due to Chase Bank.

### *November 21, 2007 – Two Collection Calls*

11. On or about 11/21/2007, another representative of NES, Defendant Michelle, telephoned Whitworth in an attempt to collect the debt. Whitworth notified Michelle that he was not able to pay off the debt at that time. In response, Michelle yelled at Whitworth, stating that he was a liar and that he was committing fraud for being unwilling to settle the debt immediately. Michelle repeatedly called Whitworth a liar and told him that he was committing fraud several more times, and then asked him personal questions about his marriage. This call lasted approximately 45 minutes. Michelle notified Whitworth that if the debt was not paid immediately, she would telephone him every ten minutes.

12. Later that same day, soon after Whitworth's telephone conversation with Michelle ended, another representative of NES, Defendant Russ, telephoned Whitworth in an attempt to collect the debt. Russ told Whitworth that he had monitored and listened in on Whitworth's conversation with Michelle, and stated that Whitworth was committing fraud by refusing to pay the alleged debt. During the course of Whitworth's conversation with Russ, Russ made various

Page 3 of 12 - COMPLAINT

derogatory comments directed toward Whitworth. This call lasted approximately 15 minutes.

### November 26, 2007 – Two Collection Calls

13. On or about 11/26/2007, NES's representative, Russ, telephoned Whitworth to discuss a possible settlement of the debt. The conversation soon grew heated, and Russ began yelling at Whitworth. This call lasted approximately 15 minutes.

14. Soon after the first collection call on this day ended, Russ telephoned Whitworth a second time, stating that the situation needed to be resolved. Whitworth told Russ that he was willing to settle the account, but did not have the funds to settle at that time. Whitworth told Russ that he was in the process of selling his farm and would soon be able to acquire funds to settle the debt. Russ told Whitworth that he was lying, and that he did not believe Whitworth intended to cooperate. This call lasted approximately 15 minutes.

### November 27, 2007 – Two Collection Calls

15. On or about 11/27/2007, NES's representative, Russ, telephoned Whitworth in an attempt to collect the debt. Russ demanded that Whitworth provide him with financial and personal information, including the closing date and escrow information for the farm sale. Whitworth refused to provide Russ with any of the information he had requested. Russ yelled at Whitworth in response. This call lasted approximately 15 minutes.

16. Soon after the first collection call of the day ended, Russ telephoned Whitworth a second time in an attempt to collect the debt. Russ again demanded that Whitworth supply his financial and personal information, this time insisting on a conference between Whitworth, Russ, and Whitworth's bank. Whitworth told Russ that he would not provide him with any of the information he had requested. Russ yelled at Whitworth once again, telling him that he was committing fraud and attempting to avoid payment. This call lasted approximately 15 minutes.

Page 4 of 12 - COMPLAINT

*November 28, 2007 – Three Collection Calls*

17. On or about 11/28/2007, NES's representative, Russ, telephoned Whitworth in an attempt to collect the debt. Russ demanded payment on the debt; Whitworth told Russ that he would probably have funds available to settle the debt by November 30 or shortly thereafter. The conversation grew heated, and Russ yelled at Whitworth. This call lasted approximately 10 minutes.

18. Soon after the first collection call of the day ended, Russ telephoned Whitworth a second time in an attempt to collect the debt. Russ yelled at Whitworth some more after Whitworth reiterated his inability to pay off the debt immediately. This call lasted approximately 10 minutes.

19. Soon after the second collection call of the day ended, Russ telephoned Whitworth a third time in an attempt to collect the debt. This call lasted approximately 10 minutes.

*November 29, 2007 – Three Collection Calls*

20. On or about 11/29/2007, NES's representative, Russ, telephoned Whitworth in an attempt to collect the debt. Russ yelled at Whitworth during the conversation. This call lasted approximately 10 minutes.

21. Soon after the first collection call of the day ended, Russ telephoned Whitworth a second time in an attempt to collect the debt. Russ demanded payment yet again; Whitworth told Russ that he was unable to pay at that time, and Russ yelled at him. This call lasted approximately 10 minutes.

22. Soon the second collection call of the day ended, Russ telephoned Whitworth a third time in an attempt to collect the debt. Russ again demanded payment and yelled at Whitworth when Whitworth again explained his inability to pay off the debt. This call lasted

approximately 10 minutes.

### November 30, 2007 –Three Collection Calls

23.  On or about 11/30/2007, NES's representative, Russ, telephoned Whitworth in an attempt to collect the debt. Whitworth informed Russ that he expected to acquire the funds for settlement within the next few days, but he did not have them yet; this caused Russ to yell at Whitworth. This call lasted approximately 10 minutes.

24.  Soon after the first collection call of the day ended, Russ telephoned Whitworth a second time in an attempt to collect the debt. Russ insisted on obtaining financial and personal information about Whitworth and his ex-wife. Whitworth refused, and the conversation grew heated. This call lasted approximately 10 minutes.

25.  Soon after the second collection call of the day ended, Russ telephoned Whitworth a third time in an attempt to collect the debt, with similar results. This time Whitworth's employee, Chris Higgins, could hear Russ yelling over the phone. Whitworth, concerned that he may lose his employee as a result of Russ's call, hung up the telephone. This was the fifth consecutive day Russ telephoned Whitworth, and the thirteenth call made by Russ to Whitworth in as many days.

### December 3, 2007 – Four Collection Calls

26.  On or about 12/3/2007, NES's representative, Russ, telephoned and spoke to Whitworth four times in an attempt to collect the debt. The first call lasted approximately 20 minutes, with Russ yelling throughout the conversation.

27.  The second collection call of the day also lasted approximately 20 minutes, with Russ yelling at Whitworth at length.

28. During the third collection call of the day, Russ threatened Whitworth with legal action if the debt was not settled immediately.

29. During the fourth collection call of the day, Russ told Whitworth that Russ's manager needed all of Whitworth's financial information, and that if Whitworth did not provide this information the claim would be sent to an attorney. This call lasted approximately 10 minutes.

### December 4, 2007 – Three Collection Calls

30. On or about 12/4/2007, NES's representative, Russ, telephoned Whitworth three more times in an attempt to collect the debt. In the first call, Russ demanded information regarding any bank accounts or real estate in Whitworth's name, as well as contact information for Whitworth's ex-wife. Whitworth refused to provide Russ with any of the requested information and informed him that he was not able to pay off the debt at that time. Russ then accused Whitworth of lying to him and trying to avoid his calls. This call lasted approximately 10 minutes.

31. During the second call of the day, Russ again tried to obtain the same information as in the first call. When Whitworth refused to provide that information, Russ yelled at him and told him that he was lying about the sale of his farm. This call lasted approximately 15 minutes.

32. During the third call of the day, Russ tried to obtain the same information as he did in the two prior calls. When Whitworth refused, Russ accused him of lying. This call lasted approximately 15 minutes.

### December 5, 2007 – Three Collection Calls

33. On or about 12/5/2007, NES's representative, Russ, telephoned Whitworth three times in an attempt to collect the debt. The first call lasted approximately 10 minutes, during which Russ demanded the same financial and personal information of Whitworth that he attempted to

obtain the previous day. Whitworth again declined to provide this information.

34. The second call of the day also lasted approximately 10 minutes, and Russ again attempted to gather personal and financial information on Whitworth.

35. The third call of the day also lasted approximately 10 minutes. Russ tried once more to obtain personal and financial information on Whitworth, and Whitworth again declined to provide it.

### December 6, 2007 – Three Collection Calls

36. On or about 12/6/2007, NES's representative, Russ, telephoned Whitworth three more times in an attempt to collect the debt. During the first call, Russ again demanded Whitworth's financial and personal information. When Whitworth declined to provide this information, Russ told him that unless he provided it, his manager would make him give the account to NES's attorney and Whitworth would be sued and his credit would be destroyed. Whitworth told Russ that he would have the funds to settle the debt in a few days time, and Russ accused him of lying. This call lasted approximately 30 minutes.

37. Russ tried to obtain the information again during the second call of the day. This call lasted approximately 10 minutes.

38. During the third call of the day, Whitworth informed Russ that he had retained an attorney. Russ told Whitworth that NES was closing Whitworth's case with the intent to take legal action, and that it would no longer be willing to settle the debt.

### December 7, 2007 – The Debt is Settled

39. On 12/7/2007, Whitworth, through his attorneys, and as part of ongoing efforts to settle the debt, received a facsimile transmission from NES informing him that it was authorized to settle the debt for the amount of $10,052.16. A copy is attached hereto as Exhibit A.

Page 8 of 12 - COMPLAINT

40. The phone calls from NES occurred while Whitworth was at work. Whitworth is a Certified Public Accountant who is paid $150.00 an hour for his services. The phone calls, cumulatively lasting approximately 6 hours, prevented Whitworth from providing these services, and therefore from being duly compensated for them.

41. As a result of the acts alleged above, Whitworth suffered grief, stress, embarrassment, anger, anxiety, frustration and emotional distress, and almost lost the services of his employee, Chris Higgins.

## V. FIRST CLAIM FOR RELIEF

42. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

43. Defendants and/or their agents violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a) Defendants violated 15 U.S.C. 1692g by failing to send Plaintiff a validation notice within five days of Defendants' initial communication with Plaintiff.

    b) Defendants and/or their agents violated 15 U.S.C. 1692d(5) by engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

    c) Defendants and/or their agents violated 15 U.S.C. 1692d(2) by using abusive language during attempts to collect the alleged owed debt.

    d) Defendants and/or their agents violated 15 U.S.C. 1692e(7) by giving the false impression that Plaintiff had committed a crime or other conduct, fraud, in order to disgrace Plaintiff.

e) Defendants and/or their agents violated 15 U.S.C. 1692e(5) by threatening to destroy Plaintiff's credit reputation, misrepresenting to Plaintiff that it would no longer settle the debt, and threatening to take legal action against Plaintiff that they had no intention of taking.

f) Defendants and/or their agents violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

44. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VI.  SECOND CLAIM FOR RELIEF

45. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

46. Defendants and/or their agents violated the Oregon Act. Defendants' violations of the Oregon Act include, but are not limited to, the following:

a) Defendants and/or their agents violated ORS § 646.639(d) by using abusive language in communicating with Plaintiff.

b) Defendants and/or their agents violated ORS § 646.639(e) by communicating with Plaintiff repeatedly and continuously with intent to harass or annoy Plaintiff.

47. As a result of the above violations of the Oregon Act, Defendants are liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages, and costs and attorney's fees.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Leslie M. Whitworth, respectfully requests that judgment be entered against each and every Defendant for the following:

A.      Declaratory judgment that Defendants' conduct violated the FDCPA and the

Oregon Act;

B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C.    Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.    Statutory damages of $200 pursuant to ORS § 646.641(1);

E.    Punitive damages of $15,000 pursuant to ORS § 646.641(1);

F.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and ORS § 646.641(2); and

G.    For such other and further relief as the court may deem just and proper.

Respectfully submitted this 15th day of August 20 08,

by _____
E. Clarke Balcom
OSB No. 01195
(503) 224-5950
**Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
**Attorney for Plaintiff**

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF OREGON          )
                                      ) ss

COUNTY OF MULTNOMAH    )

Plaintiff Leslie M. Whitworth, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


_____
Leslie M. Whitworth


Subscribed and sworn to before me
this _14th_ day of _August_ ——————, 2008.


_____
Notary Public


OFFICIAL SEAL
ELOISE N TILLER
NOTARY PUBLIC - OREGON
COMMISSION NO. 411543
MY COMMISSION EXPIRES NOVEMBER 2, 2010