FILED
FEB 17 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE M. WHITWORTH,

    Plaintiff,

v.

    CV 08-968-PK

    FINDINGS AND
    RECOMMENDATION

NATIONAL ENTERPRISE SYSTEMS,
INC., RUSS DOE, and MICHELLE DOE,

    Defendants.

PAPAK, Magistrate Judge:

    This action was filed by plaintiff Leslie M. Whitworth against defendant National Enterprise Systems, Inc. ("National") and two of its employees, Doe defendants Russ and Michelle, on August 19, 2008. Whitworth alleges defendants' liability under the federal Fair Debt Collection Practices Act and the Oregon Unlawful Debt Collection Practices Act. This court has subject-matter jurisdiction over Whitworth's claims pursuant to 28 U.S.C. §§ 1331 and

Page 1 - FINDINGS AND RECOMMENDATION

1367.

Now before the court is defendants' motion for summary judgment (#7). I have considered the motion, oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, the summary judgment motion should be denied.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

## FACTUAL BACKGROUND

Whitworth owed a delinquent debt that was acquired in 2007 by defendant National. According to the allegations of the complaint, during the period from November 21, 2007, through December 6, 2007, National employees Michelle and Russ called Whitworth on the telephone at least 28 times in attempting to collect the debt. Whitworth alleges that the defendants vilified and verbally abused him during these calls, in violation of federal and state

debt collection practices law.

On February 28, 2008, Whitworth filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code. He listed his potential debt collection practices claim against the defendants among his assets. Whitworth filed this action on August 19, 2008.

## ANALYSIS

The gravamen of defendants' motion for summary judgment is that Whitworth is not the party in interest entitled to pursue the claims alleged in his complaint because, having requested the protection of the Bankruptcy Code, his assets – including his cause of action against the defendants – now belong to the bankruptcy estate. Defendants argue that it is only the trustee of the estate who is the real party in interest authorized under Federal Civil Procedure Rule 17(a) to prosecute this action. Defendants' argument is premised on a fundamental misunderstanding of the nature of the protections offered under Chapter 13 of the Bankruptcy Code.

The Code expressly provides that Chapter 13 debtors retain possession of property in the bankruptcy estate. *See* 11 U.S.C. § 1306(b) ("[e]xcept as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate"); *see also, e.g.,* 11 U.S.C. § 1303 (providing that debtors under Chapter 13 shall have substantially the same powers as do trustees of the estate). Moreover, the Code provides that a debtor in possession, such as a debtor filing for the protections of Chapter 13, enjoys express authority to sue or to be sued on behalf of the bankruptcy estate:

> With or without court approval, the trustee **or debtor in possession** may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

Page 3 - FINDINGS AND RECOMMENDATION

Fed. R. Bankr. P. 6009 (emphasis supplied).[1] The Code defines the property of the estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541, necessarily including legal claims or causes of action, *see, e.g., McGuire v. United States*, 550 F.3d 903, 914 (9th Cir. 2008) ("A chose in action is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1)"), *citing City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1126 (9th Cir. 2006).

Although it does not appear that the Ninth Circuit has had occasion to weigh in on the question, the courts of the Second and Seventh Circuits have persuasively determined that it would frustrate the purposes of Section 1306 to leave the debtor in possession of his causes of action and yet to prohibit him from prosecuting them in his own name. *See Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515, 515-516 (2d Cir. 1998) (holding that "a Chapter 13 debtor. . . has standing to litigate causes of action that are not part of a case under title 11" and deriving support from the legislative history of Chapter 13 for the proposition that Section 1303 was drafted to permit Chapter 13 debtors to sue and be sued on behalf of the bankruptcy estate); *Cable v. Ivy Tech State College*, 200 F.3d 467, 473 (7th Cir. 1999) ("Under the reorganization chapters, the debtor-in-possession steps into the role of trustee and exercises concurrent authority

---

[1] The foregoing is in strict contrast with the rules applicable to debtors who seek the protections of Chapter 7 of the Bankruptcy Code, pursuant to which the trustee of the estate has sole and exclusive authority to manage estate assets. *See* 11 U.S.C. § 704(1). The different treatment reflects the very different policies underlying the two chapters: whereas the Chapter 13 debtor seeks to pay his or her debts in full, and only requests the intervention of the courts to establish a feasible payment plan, the assets of the Chapter 7 debtor are liquidated and the proceeds applied in partial payment of the outstanding debt. Thus, the Chapter 7 debtor, who has selected a severe remedy to the problem of indebtedness, is not permitted to interfere in the disposal of assets in which he or she no longer has any significant interest, but the Chapter 13 debtor, who contemplates resuming exclusive control of his or her assets after successfully repaying all creditors, is permitted to retain possession of and a part in managing the estate.

Page 4 - FINDINGS AND RECOMMENDATION

to sue and be sued on behalf of the estate"), *citing* Fed. R. Bankr. P. 6009; *see also Donato v. Metropolitan Life Ins. Co.*, 230 B.R. 418, 425 (N.D. Cal. 1999) ("under 11 U.S.C. § 1303, a Chapter 13 debtor retains the capacity to sue on prepetition causes of action").

Although a Chapter 13 debtor has standing to sue in his own name, such standing is concurrent with that of the trustee in bankruptcy, and any such suit must necessarily be on behalf of the bankruptcy estate. *See* Fed. R. Bankr. P. 6009. However, because Chapter 13 debtors are expressly authorized by statute to bring actions on behalf of estates, the estate itself need not be joined as a named party in such actions. *See* Fed. R. Civ. P. 17(a)(1)(G). Whitworth therefore may properly prosecute this action in his own name.

At oral argument, defendants raised the new argument, not articulated in either of the two briefs filed in support of their motion, that the debtor's plan approved by the court in Whitworth's bankruptcy action prevents Whitworth from prosecuting this action as a matter of law. The plan provides that Whitworth "shall incur no credit obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business." Defendants argue that retaining counsel to prosecute a lawsuit, even on a contingency basis, is necessarily to incur a credit obligation, in that in the event of an adverse result, an unsuccessful plaintiff is generally responsible for certain court fees and costs.

The court need not decide the validity of defendants' perhaps novel equation of prosecuting a legal action with incurring a credit obligation. Assuming *arguendo* that Whitworth incurred a credit obligation by filing his complaint, he nevertheless remains a debtor in possession of his estate expressly authorized by statute to bring this action. As such, this court

Page 5 - FINDINGS AND RECOMMENDATION

may properly exercise personal jurisdiction over him. Whether Whitworth is in compliance with his debtor's plan is a matter for the determination of the bankruptcy court, and cannot be a question of jurisdictional import within this proceeding.

Because Whitworth is expressly authorized by statute to prosecute this action on behalf of the bankruptcy estate in his own name, defendants' motion for summary judgment should be denied.

## CONCLUSION

For the reasons set forth above, I recommend that defendants' motion for summary judgment (#7) be denied.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 3, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 17th day of February, 2009.

*Paul Papak*
Honorable Paul Papak
United States Magistrate Judge