**FILED**

**AUG 1 2 2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE M. WHITWORTH,

      Plaintiff,

                                    CV 08-968-PK

                                    FINDINGS AND

v.                                  RECOMMENDATION

NATIONAL ENTERPRISE SYSTEMS,
INC., RUSS DOE, and MICHELLE DOE,

      Defendants.

PAPAK, Magistrate Judge:

      This action was filed by plaintiff Leslie M. Whitworth against defendant National

Enterprise Systems, Inc. ("National"), and two of its employees, Doe defendants Russ and

Michelle, on August 19, 2008. Whitworth alleges defendants' liability under the federal Fair

Debt Collection Practices Act (the "FDCPA") and the Oregon Unlawful Debt Collection

Practices Act (the "OUDCPA"). This court has subject-matter jurisdiction over Whitworth's

Page 1 - FINDINGS AND RECOMMENDATION

claims pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367.

Now before the court is defendants' motion (#30) for partial summary judgment, in which defendants argue that Whitworth is judicially estopped from seeking damages in excess of $1,000 on his FDCPA claim and from litigating his OUDCPA claim. I have considered the motion, oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, defendants' motion should be denied.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

## FACTUAL BACKGROUND

Defendant National is in the business of managing and collecting overdue debts and accounts receivable. In or around November 2007, National acquired a delinquent consumer debt owed by plaintiff Whitworth. Whitworth alleges that between November 21, 2007, and

December 6, 2007, defendants and National employees "Michelle" and "Russ" contacted him by telephone at least 28 times in the course of National's efforts to collect the debt. He alleges that in these telephone calls Michelle and Russ repeatedly and improperly requested personal and financial information, accused him of fraud, and threatened him with legal action, as well as vilifying and abusing him, all in violation of the FDCPA and OUDCPA, which prohibit abusive or unfair debt collection practices.

On February 28, 2008, Whitworth filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code. He listed his potential claim against the defendants among his assets, valuing the claim at approximately $1,000 and characterizing it as a claim under the FDCPA. Subsequently, on May 8, 2008, Whitworth amended his petition, again listing among his assets a potential FDCPA claim valued at approximately $1,000. On June 2, 2008, the Bankruptcy Court confirmed Whitworth's debtor's plan.

This action was filed August 19, 2008. Whitworth alleges defendants' liability for violation of both the FDCPA and the OUDCPA, and seeks federal statutory damages of $1,000, state statutory damages of $200, punitive damages in the amount of $15,000, plus "actual damages" and attorney fees.[1]

Whitworth offers undisputed evidence that he, by and through his counsel, discussed his claims against National with the Chapter 13 trustee of his estate, Bryan D. Lynch, prior to filing

---

[1] National offers evidence, which Whitworth does not dispute, that in "Supplemental Initial Disclosures" Whitworth indicated that his non-statutory, non-punitive damages for which he seeks compensation are as follows: $150,000 for emotional distress, $40,000 for pain and suffering, $20,000 for injury to "repute" [sic], $10,000 for inconvenience, $7,500 for interference, $3,000 for medical bills, $24,000 for "future medical," and $20,000 for loss of earnings, or a total of $274,500. In addition, Whitworth's Supplemental Initial Disclosures apparently indicate that Whitworth is seeking $32,150 in attorneys' fees and $350 in costs.

Page 3 - FINDINGS AND RECOMMENDATION

this action. *See* Balcom Decl., ¶¶ 4-5.  Moreover, the evidence in the record establishes that

Whitworth has provided copies of the complaint in this action to the bankruptcy trustee and

bankruptcy judge, and that he has provided updates regarding the progress of this case to the

bankruptcy trustee. *See id.*, ¶¶ 6-7.  The order confirming Whitworth's bankruptcy plan requires

Whitworth to "report immediately to the trustee any right . . . to a distribution of funds (other

than regular monthly income) . . . which exceeds a value of $2,500.00" *See id.*, Exh. A, ¶ 2.  The

record contains the sworn declaration of Whitworth's counsel that it is his "understanding that the

trustee intends to distribute any amounts received in this case, after fees and costs, for the benefit

of [Whitworth's] creditors." *See id.*, ¶ 9.

## ANALYSIS

Defendants argue that Whitworth is judicially estopped from seeking damages in excess

of $1,000 on his FDCPA claim and from litigating his OUDCPA claim, in consequence of his

valuation and characterization of the claim in his bankruptcy petition.  "Judicial estoppel is an

equitable doctrine that precludes a party from gaining an advantage by asserting one position, and

then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State*

*Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citations omitted).  The courts of the

Ninth Circuit "invoke[] judicial estoppel not only to prevent a party from gaining an advantage

by taking inconsistent positions, but also because of general considerations of the orderly

administration of justice and regard for the dignity of judicial proceedings, and to protect against

a litigant playing fast and loose with the courts." *Id.* (citation, internal quotation marks omitted).

Judicial estoppel is applicable both when a party takes inconsistent positions within a single

litigation and when a party takes inconsistent positions in two separate legal actions. *See id.* at

Page 4 - FINDINGS AND RECOMMENDATION

783.  The Ninth Circuit "has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Id.*, *quoting Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998); *see also Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997).

In *New Hampshire v. Maine*, 532 U.S. 742 (2001), the United States Supreme Court provided guidance to the lower courts in the exercise of their discretion in applying the judicial estoppel doctrine, listing three factors that "typically inform the decision whether to apply the doctrine in a particular case." *New Hampshire*, 532 U.S. at 750.  Specifically, the court indicated that the doctrine should apply only where the party to be estopped takes a position that is "clearly inconsistent" with a prior position, succeeded in persuading a court to accept the prior position, and would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-751.  "In enumerating these factors, [the court] d[id] not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel.  Additional considerations may inform the doctrine's application in specific factual contexts." *Id.* at 751.

Within the Ninth Circuit, such additional considerations include the intention of the party taking allegedly inconsistent positions.  "Judicial estoppel applies when a party's position is 'tantamount to a knowing misrepresentation to or even fraud on the court.'" *Johnson v. Oregon*, 141 F.3d 1361, 1369 (9th Cir. 1998), *quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362-63 (3d Cir. 1996).  "If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." *Id.*, *citing In re Corey*, 892 F.2d 829, 836 (9th Cir. 1989).  That is, "[t]he doctrine of judicial estoppel requires, *inter*

*alia,* a knowing antecedent misrepresentation by the person or party alleged to be estopped and

prevents the party from tendering a contradictory assertion to a court." *Wyler Summit Pshp. v.*

*Turner Broadcasting Sys.*, 235 F.3d 1184, 1191 (9th Cir. 2000), *citing Russell v. Rolfs*, 893 F.2d

1033, 1037 (9th Cir. 1990).

      Within the bankruptcy context, it is well settled that "a party is judicially estopped from

asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the

debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 783, *citing Hay v. First*

*Interstate Bank of Kalispell, N. A.*, 978 F.2d 555, 557 (9th Cir. 1992); *In re Coastal Plains*, 179

F.3d 197, 208 (5th Cir. 1999); *Payless Wholesale Distributors, Inc. v. Alberto Culver (P. R.) Inc.*,

989 F.2d 570, 572 (1st Cir. 1993); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d

414, 419 (3rd Cir. 1988); *see also id.* at 784 ("Judicial estoppel will be imposed when the debtor

has knowledge of enough facts to know that a potential cause of action exists during the

pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify

the cause of action as a contingent asset"). In analyzing the applicability of the judicial estoppel

doctrine within the bankruptcy context, the Ninth Circuit adopted as its own the rationale

articulated by the Fifth Circuit in *In re Coastal Plains*, 179 F.3d 197 (5th Cir. 1999):

> The rationale for decisions invoking judicial estoppel to prevent a party who
> failed to disclose a claim in bankruptcy proceedings from asserting that claim after
> emerging from bankruptcy is that *the integrity of the bankruptcy system depends*
> *on full and honest disclosure by debtors of all of their assets.* The courts will not
> permit a debtor to obtain relief from the bankruptcy court by representing that no
> claims exist and then subsequently to assert those claims for his own benefit in a
> separate proceeding. *The interests of both the creditors, who plan their actions in*
> *the bankruptcy proceeding on the basis of information supplied in the disclosure*
> *statements and the bankruptcy court, which must decide whether to approve the*
> *plan of reorganization on the same basis, are impaired when the disclosure*
> *provided by the debtor is incomplete.*

Page 6 - FINDINGS AND RECOMMENDATION

*Id.* at 785 (modifications omitted; emphasis original), *quoting In re Coastal Plains*, 179 F.3d at

208, *quoting Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y. 1996).

Here, it would be an inappropriate exercise of this court's discretion to apply judicial

estoppel to cap the damages available to Whitworth in connection with his FDCPA claim.  First,

Whitworth did not take a position "clearly inconsistent" with his prayer for damages in this

action when he valued his FDCPA claim at approximately $1,000.  It is notoriously difficult to

value a cause of action with precision, and it is, in any event, not uncommon for a plaintiff to

pray for damages well in excess of those he or she expects to be awarded.  There is thus no

inconsistency between seeking a maximum recovery and making a more conservative estimate of

predicted actual value.

Moreover, there is a substantial difference between failing to disclose a claim altogether

and in arguably undervaluing a claim on a bankruptcy petition.  The courts addressing the

undervaluation of assets on bankruptcy petitions have found that a debtor's obligations may be

satisfied by disclosing enough information to put creditors and the bankruptcy trustee on inquiry

notice that an asset of uncertain value may exist.  *See, e.g., Cusano v. Klein*, 264 F.3d 936, 946-

947 (9th Cir. 2001).  No Ninth Circuit court has found that a debtor may be judicially estopped

from seeking a recovery in excess of the valuation listed for the debtor's cause of action on the

petition for bankruptcy, whereas several courts have applied judicial estoppel to prevent a debtor

from prosecuting a wholly undisclosed claim.  *See, e.g., Hamilton*, 270 F.3d at 783; *Hay*, 978

F.2d at 557.

Second, Whitworth would obtain no unfair advantage and would impose no unfair

detriment on defendants or any other party with an interest in the estate in bankruptcy if he were

Page 7 - FINDINGS AND RECOMMENDATION

permitted to seek a maximum recovery on his FDCPA claim.  National and the Doe defendants can point to no prejudice they would suffer should Whitworth be permitted to seek all available damages.  In addition, the evidence establishes that the bankruptcy trustee is wholly apprised of this case's pendency and progress, and that Whitworth will be under an obligation to report any recovery in this action to the trustee in the event it exceeds $2,500.  Whitworth will not receive an improper windfall should be obtain an award of damages well in excess of his valuation of the FDCPA claim.

Third, and finally, there is no suggestion in the record that Whitworth might have engaged in chicanery or other willful misrepresentation when he valued his claim at an amount less than the damages he now seeks.  Although I do not take this consideration to be dispositive, the absence of evidence of fraud on the court or of other intentional misrepresentation generally mitigates in favor of the conclusion that it would be inappropriate to apply the judicial estoppel doctrine here.

A similar analysis obtains in connection with Whitworth's OUDCPA claim.  Whitworth has not taken a position clearly inconsistent with that espoused in his bankruptcy petition by pursuing an OUDCPA claim, because a claim under the OUDCPA is necessarily closely related to a claim under the FDCPA.  Whitworth's creditors, the bankruptcy trustee, and all other parties with an interest in the bankruptcy estate were placed on inquiry notice of additional debt collection claims arising out of the same facts giving rise to the listed FDCPA claim.  Debtors need not exhaustively list all logically possible causes of action arising from the facts underlying a listed cause of action in order to satisfy their obligations under the Bankruptcy Code to their bankruptcy trustee and creditors.  Moreover, no unfair advantage would accrue to Whitworth, or

Page 8 - FINDINGS AND RECOMMENDATION

unfair detriment to any interested party, if Whitworth were permitted to go forward with claims under both the federal and the state statute, nor does the record contain evidence to suggest that Whitworth's omission of the OUDCPA claim from his list of assets was occasioned by anything other than inadvertence or mistake.

For the foregoing reasons, Whitworth should be estopped neither from seeking a recovery on his FDCPA claim in excess of his claim valuation nor from pursuing his claim under the OUDCPA.

## CONCLUSION

For the reasons set forth above, I recommend that defendants' motion for partial summary judgment (#30) be denied.

## SCHEDULING ORDER

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 26, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 12th day of August, 2009.

Honorable Paul Papak
United States Magistrate Judge

Page 9 - FINDINGS AND RECOMMENDATION